UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                              )
ROBERT HOFFMIRE,              )
                              )
            Plaintiff,        )   **Civil Action No.**
                              )
      vs.                     )   **COMPLAINT**
                              )
FULTON FRIEDMAN & GULLACE,    )
LLP, ASSET ACCEPTANCE, LLC, and )  **Jury Trial Demanded**
CYNTHIA FULTON,               )
                              )
            Defendants.       )
_____)

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Robert Hoffmire ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Jersey, County of Essex, and City of Bloomfield.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Fulton, Friedman & Gullace, LLP ("FFG") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. FFG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Asset Acceptance, LLC, ("Asset") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Asset is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant, Cynthia Fulton ("Fulton"), is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11. Upon information and belief, Fulton was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

12. Upon information and belief, Fulton was personally involved in the collection of Plaintiff's debt.

13. Upon information and belief, Fulton was materially involved in the

collection of Plaintiff's debt.

14. Upon information and belief, Fulton materially participated in FFG's debt collection activities.

15. Upon information and belief, Fulton was involved in the day-to-day operations of FFG's debt collection business.

16. Upon information and belief, Fulton exercised control over the affairs of FFG's debt collection business.

17. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

18. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah

1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than FFG and Fulton.

20. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than FFG and Fulton, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

21. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than FFG or Fulton.

22. FFG and Fulton use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

23. Asset purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

24. Asset acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

25. Asset is thoroughly enmeshed in the debt collection business, and Asset is a significant participant in FFG's debt collection process.

26.     Plaintiff sent FFG written correspondence dated April 3, 2012, in reference to account ending in 9214, which is owned by Asset, and in such correspondence, Plaintiff demanded that all future communication from FFG be made in writing. (See April 3, 2012 Correspondence, attached hereto as Exhibit A).

27.     FFG received Plaintiff's April 3, 2012 correspondence on April 6, 2012 at 7:40 A.M.

28.     Contrary to Plaintiff's demand, FFG, itself and on behalf of Asset, placed a call to Plaintiff's residence on April 25, 2012 around 11:10 A.M.

29.     Contrary to Plaintiff's demand, FFG, itself and on behalf of Asset, placed a call to Plaintiff's residence on May 2, 2012 around 12:32 P.M.

30.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692c(a)(1)
## FFG

31.     Plaintiff repeats and re-alleges each and every allegation above.

32.     FFG violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FFG violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692c(a)(1)
## ASSET

33. Plaintiff repeats and re-alleges each and every allegation above.

34. FFG violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

35. Asset, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Fulton, the debt collector it hired to collect an alleged debt from Plaintiffs on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Asset violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF 15 U.S.C. § 1692c(a)(1)
## FULTON

36. Plaintiff repeats and re-alleges each and every allegation above.

37. FFG violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

38. Fulton is personally liable for FFG's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of FFG's debt collection business, her responsibility for day-to-day supervision of FFG's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of FFG's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Fulton violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 11, 2012             Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
NJ Bar No. 02645.2001
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave., #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com